IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> COOK COUNTY, ILLINOIS; ) <br> THOMAS DART, COOK COUNTY ) <br> SHERIFF (in his official capacity); ) <br> TODD H. STROGER, COOK COUNTY ) <br> BOARD PRESIDENT (in his official ) <br> capacity); ) <br> COOK COUNTY BOARD OF ) <br> COMMISSIONERS (in their official ) <br> capacity); ) <br> ) <br> DEFENDANTS. ) <br> _____) | Civil No. _____ |

## COMPLAINT

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned attorneys, hereby alleges upon information and belief:

1. The Attorney General files this Complaint on behalf of the United States of America pursuant to the Civil Rights of Institutionalized Persons Act of 1980, 42 U.S.C. § 1997, to enjoin the named Defendants from depriving persons incarcerated at the Cook County Jail ("CCJ") in Chicago, Illinois, of rights, privileges, or immunities secured and protected by the Constitution of the United States.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a.

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

5. Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391.

## DEFENDANTS

6. Defendant COOK COUNTY (the "County") is a governmental subdivision created under the laws of the State of Illinois and governed by the defendant COOK COUNTY BOARD OF COMMISSIONERS. Defendant TODD H. STROGER is the President of the Cook County Board of Commissioners. Defendant THOMAS J. DART, is the Cook County Sheriff, an independently-elected constitutional officer not under the authority of the County Board. Ill. Const. Art. VII, § 4(c). The County owns CCJ, and the operational responsibilities for CCJ are divided between the County and the Sheriff. This action concerns the administration of persons confined at CCJ, which houses pre- and post-trial detainees.

7. Defendant COOK COUNTY through defendant COOK COUNTY BOARD OF COMMISSIONERS has responsibility for CCJ's medical and mental health facilities through the Cook County Health and Hospitals System Board and

responsibility for CCJ's physical plant through the Cook County Department of Facilities Management, which includes many aspects of sanitation and fire safety. Defendant COOK COUNTY has sole responsibility for funding all operations and programs of CCJ.

8. Defendant THOMAS J. DART, Cook County Sheriff, has sole responsibility for all security and corrections functions at CCJ through the Cook County Department of Corrections. Sheriff DART is sued in his official capacity.

9. Defendants COOK COUNTY and Sheriff DART are together responsible for the conditions of confinement and health and safety of persons incarcerated at CCJ.

10. Defendant TODD H. STROGER is the President of the Cook County Board of Commissioners. President STROGER is sued in his official capacity.

11. Defendants are legally responsible, in whole or in part, for the operation and conditions of CCJ, and for the health and safety of persons incarcerated there.

12. At all relevant times, Defendants or their predecessors in office have acted or failed to act, as alleged herein, under color of state law.

## FACTUAL ALLEGATIONS

13. CCJ is an institution within the meaning of 42 U.S.C. § 1997(1).

14. Persons confined to CCJ include both pre-trial detainees and sentenced inmates.

15. Defendants have repeatedly and consistently disregarded known or serious risks of harm to inmates at CCJ, as detailed in the letter issued by Acting Assistant Attorney General Grace Chung Becker and United States Attorney Patrick

J. Fitzgerald on July 11, 2008, describing the investigative findings of conditions at CCJ ("Findings Letter"). The Findings Letter is appended to this Complaint as Attachment B and is incorporated by reference herein.

16. Defendants have repeatedly failed to take reasonable measures to prevent staff from inflicting serious harm on inmates, even in the face of the obvious and substantial risk that staff will inflict such harm and the multiple occasions on which CCJ staff in fact have inflicted such harm.

17. Defendants have repeatedly failed to take reasonable measures to protect inmates against the serious harm inflicted on them by other inmates, even in the face of the obvious and substantial risk that inmates will inflict such harm and the multiple occasions in which CCJ inmates have in fact inflicted such harm.

18. Defendants have repeatedly failed to provide adequate medical and mental health care and services to inmates with serious medical and psychiatric needs that are known or obvious by inadequately assessing and administering to inmates' acute and chronic medical and psychiatric conditions, resulting in risk of serious harm and multiple occasions on which CCJ inmates have in fact suffered such harm.

19. Defendants have pervasively failed to provide adequate fire safety, resulting in risks of grave harm to inmates and staff from smoke, fire, and the serious security concerns that arise during an emergency.

20. Defendants have pervasively maintained a physical environment at CCJ that poses an unreasonable risk of serious harm to inmates' health and safety by

failing to correct facility maintenance problems that pose harm or a risk of harm to the safety of inmates and staff within the facility.

21. The factual allegations set forth in paragraphs 15 through 20 and outlined in the Findings Letter have been obvious and known to Defendants for a substantial period of time, yet Defendants have failed to adequately address the conditions described.

## VIOLATIONS ALLEGED

22. The United States incorporates by reference the allegations set forth in paragraphs 1 through 20 as fully set forth herein.

23. Through the acts and omissions alleged in paragraphs 15-20 and outlined in the Findings Letter, Defendants have exhibited deliberate indifference to the health and safety of CCH inmates, in violation of the rights, privileges, or immunities of those inmates as secured or protected by the Constitution of the United States. U.S. Const. Amends. VIII and XIV.

24. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions, set forth in paragraphs 15 through 20 and outlined in the Findings Letter, that deprive persons confined in CCJ privileges or immunities secured or protected by the Constitution of the United States.

## PRAYER FOR RELIEF

25. The Attorney General is authorized under 42 U.S.C. § 1997 to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

      a.    declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 15 through 20 above and outlined in the Findings Letter deprive inmates confined at CCJ of rights, privileges, or immunities secured or protected by the Constitution of the United States;

      b.    permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 15 through 20 above and outlined in the Findings Letter and requiring Defendants to take such actions as will ensure lawful conditions of confinement are afforded to inmates at CCJ; and

      c.    granting such other and further equitable relief as it may deem just and proper.

      Respectfully submitted,

*[signature]*

ERIC H. HOLDER, JR.
Attorney General of the
United States

*[signature]*
PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

*[signature]*
PATRICK JOHNSON
JOAN LASER
Assistant United States Attorneys
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov

*[signature]*
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

*[signature]*
ROY L. AUSTIN, JR.
Deputy Assistant Attorney General
Civil Rights Division

*[signature]*
JUDY C. PRESTON
Acting Chief
Special Litigation Section

*[signature]*
KERRY KRENTLER DEAN
DAVID DEUTSCH
COREY SANDERS
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
PHB 5026
Washington, DC 20530
(202) 514-6255
kerry.k.dean@usdoj.gov