Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2946 | **DATE** | 8/17/2010 |
| **CASE TITLE** | United States of America vs. Cook County, Illinois et al | | |

### DOCKET ENTRY TEXT

For these reasons, the Court in its "sound discretion," *see id.*, denies Banks' Motion to Intervene as untimely.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff Gary Harrington ("Harrington") and fellow class members originally filed, on behalf of themselves and others similarly situated, suit against Illinois and various Cook County officials (collectively "Defendants") pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to provide necessary mental health care in the Cook County Department of Corrections. After several years of negotiation under court supervision, the parties settled the case by consent decree. *See Harrington v. DeVito*, 656 F.2d 264, 266 (7th Cir. 1981). The case in its current form involves the monitoring of the consent decree. Petitioner Larry M. Banks ("Banks") now moves to intervene in case number 74 C 3290, which was reassigned to this Court based on relatedness on May 27, 2010 and consolidated with case number 74 C 2949. For the reasons stated below, the Court denies Banks' Motion to Intervene as untimely.

In his motion, Banks alleges that he was found unfit to stand trial on July 25, 2007 and placed in the custody of the Department of Human Services. On October 17, 2008, he was found fit to stand trial and transferred to Cook County Jail. (R. 40, pp. 1-2.) He alleges that since being placed in Cook County Jail, the psychiatrists and psychologists assigned to treat his mental condition have failed to properly treat him or give him necessary medication. (R. 40, p. 2.) Banks requests the following forms of relief: that the Court "refer the instant matter to the local U.S. Attorney's office for a criminal investigation of the defendants and other state actors' knowing and willful deprivation of constitutional rights," "issue an order of protection barring the County of Cook, the [Cook County Jail], and any other County actors from retaliating against Banks," and "for contempt of court sanction against the [Cook County Jail] for their deliberate indifference to this Court's order to conform their facilities to the constitutionally required standard so as not to deprive the detainee of his fundamental right of access to the court." (R. 40, p.5.)

Pursuant to Federal Rule of Civil Procedure 24, "intervention may be as of right or it may be permissive." Fed. R. Civ. P. 24; *see also Heartwood v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 700 (7th Cir. 2003). Both Rule

## STATEMENT

24(a) (intervention of right) and Rule 24(b) (permissive intervention) require that a motion to intervene be "timely." Fed. R. Civ. P. 24. Accordingly, the requirement of timeliness applies whether intervention is sought as a matter of right or with the court's permission. *See Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). "The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Id.* at 949 (citations omitted). Thus, the requirement of timeliness is a flexible one and "is determined by reference to the totality of the circumstances," leaving much to the sound discretion of the Court. *See Shea v. Angulo*, 19 F.3d 343, 348-49 (7th Cir. 1994); *Zurich Capital Markets, Inc. v. Coglianese*, 236 F.R.D. 379, 383 (N.D. Ill. 2006) (St. Eve, J.) ("Determining whether a motion for intervention is timely is 'committed to the sound discretion of the district judge.'") (quoting *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)).

The Court considers four factors in evaluating timeliness: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Heartwood*, 316 F.3d at 701. With respect to the first factor, although an intervenor must generally "act with dispatch," *Atl. Mut. Ins. Co. v. Airlines, Inc.*, 24 F.3d 958, 960 (7th Cir. 1994), the test essentially sets out a reasonableness standard: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly. *See Heartwood*, 316 F.3d at 694. Here, Banks waited to file his motion until nearly a year after he was transferred to Cook County Jail on October 17, 2008 and allegedly began to be denied proper medication and treatment; thus, he cannot be said to have "act[ed] with dispatch." *See Atl. Mut. Ins. Co.*, 24 F.3d at 960.

Moreover, there would be substantial prejudice to the original parties if the Court were to allow Banks to intervene at this point, because a consent decree has already been entered into and in effect for many years after extensive negotiation. *See People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995) ("A Declaratory Judgment and Permanent Injunction was issued in 1994, and the parties have been formulating remedial programs, and funding for these programs, literally for years. . . . Two interim orders have been proposed, adopted and implemented, a final judgment has been issued and remedial programs are already well established in the schools. Thus, we agree with the district court's conclusion that O'Brien's considerable delay in moving to intervene would cause significant prejudice to the parties were the intervention allowed at this late date."). With respect to the third factor, there is little prejudice to Banks in denying his motion to intervene because he is not in any way "bound by the eventuality of [the] litigation," and may file an individual prisoner civil rights lawsuit raising the claims that he wishes to raise here. *C.f. Sam Fox Pub. Co. v. United States*, 366 U.S. 683, 689 (1961) ("We regard it as fully settled that a person whose private interests coincide with the public interest in government antitrust litigation is nonetheless not bound by the eventuality of such litigation, and hence may not, as of right, intervene in it."); *compare Zurich Capital Markets Inc.*, 236 F.R.D. at 384 ("denying Liquidator the opportunity to intervene may impair his ability to protect his interests" because he "asserts that he has a property interest in the specific funds that ZCM seeks to recover").

The factual scenario at issue here resembles that addressed by the court in *South*, 759 F.2d 610, but with several important distinctions. In *South*, Thomas Radick ("Radick"), a prisoner, filed a motion to intervene to enforce a consent decree between Illinois and a former prison inmate in which Illinois promised certain forms of access to the law library in a particular prison. *See South*, 759 F.2d at 610-11. Radick alleged that Illinois had violated numerous conditions of the decree in moving the library into a temporary facility. *See id.* The district court granted the prisoner's motion to intervene, and the Seventh Circuit affirmed, holding that Radick "was an intended third-party beneficiary of the consent decree" and that his interests were not adequately represented by existing parties because the original prison inmate was no longer a prisoner. *See id.* at 612. The Court

## STATEMENT

furtherfound the motion to interveneto be timelybecause Radick had onlydelayed one month after learning about the construction delay, and Radick would be significantly prejudiced if not allowed to intervene and protect his libraryrights. *See id.* Unlike in that case, *see id.*, however, here Banks not only delayed in bringing his motion to intervene but, like in *People Who Care*, the parties have been "formulating remedial programs . . . literallyfor years" and hencewould be prejudiced bya late intervention of an individual party. *See* 68 F.3d at 175. Most importantly, however, suits based on failure to provide adequate medical care are routinely brought and appropriatelyaddressed on an individual basis. *See, e.g., Estate of Gee ex rel. Beeman v. Johnson*, 365 Fed.Appx. 679, 683 (7th Cir. 2010) ("Inmates have a constitutional right to receive adequate medical treatment."); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("In order to sustain a § 1983 claim for violation of Taylor's Fourteenth Amendment due process right to adequate medical care, the plaintiff must show that: (1) Taylor had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberatelyindifferent to treating her; and (3) this indifferencecaused her some injury."). Unlike in *South*, where Radick's claims were tailored to the terms of the more finite consent decree at issue, and where he would have been prejudiced substantially if not allowed to intervenebecause his interests were no longer beingrepresented bythe original prisoner who entered into the decree, *see* 759 F.2d at 612, hereBanks' interests arerepresented bythe plaintiffs and he can more easily and appropriately file an individual lawsuit seeking to remedy his failure to receive proper medical care.

For these reasons, the Court in its "sound discretion," *see id.*, denies Banks' Motion to Intervene as untimely.