# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

————————————

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10 C 2946 |
| *Plaintiffs,* | ) | |
| v. | ) | Judge Richard A. Posner, |
| | ) | Judge Virginia M. Kendall |
| COOK COUNTY, ILLINOIS, *et al.,* | ) | Judge Sharon Johnson Coleman |
| *Defendants.* | ) | |

————————————

## Order of Three-Judge District Court

PER CURIAM. In our opinion of January 11, 2011, we denied Cook County's motion for entry of the proposed release order without prejudice, inviting the parties to submit a revised motion consistent with the discussion and directives in our opinion, plus evidence to support an estimate of the number of prisoners expected to be released if a revised order was approved. The County responded on February 10, and the United States indicated its agreement with the revised proposed order submitted with the response, and the court conducted a hearing on the response and proposed order on March 1.

The revised proposed order complies with the directives in our opinion and is satisfactory with the exception of one provision. The order states that the Sheriff "may release detainees in order to reduce the population of the Cook County Jail to 85% of its available bed capacity," upon specified conditions. Because the trigger for release is stated in percentage terms, the number released depends on the jail population, which may vary unpredictably and, in particular, may increase, and also on the available bed capacity, which may also change—and may decrease. As a result of these uncertainties, it is impossible for us to determine how many prisoners may actually be released under the proposed order. Suppose that the jail population is 10,000 and the available bed capacity is 9,000; 85 percent of the available bed capacity would be 7,650, and this would permit the jail to release 2,350 prisoners. Now suppose the jail population rises to 11,000 with no increase in the number of beds; then the jail could release 3,350 inmates. Both numbers are very high, which could we suspect be attained only by the jail's relaxing its standards for releasing prisoners. We think that the number that the jail should be allowed to release should be capped, rather than left to the va-

garies of size of jail population and bed capacity, at 1,500. If the jail wants to re-lease more inmates it should be required to obtain our permission.

We would like a provision to this effect included in the proposed order. If it is included, we can move speedily to approve the proposed release order as thus modified.

SO ORDERED.

March 14, 2011.