UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

———————

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10 C 2946 |
|     *Plaintiffs,* | ) | |
|   v. | ) | Judge Richard A. Posner, |
| | ) | Judge Virginia M. Kendall |
| COOK COUNTY, ILLINOIS, *et al.*, | ) | Judge Sharon Johnson Coleman |
|     *Defendants.* | ) | |

———————

## Final Order of Three-Judge District Court

PER CURIAM. In our opinion of January 11, 2011, we denied Cook County's motion for entry of the proposed release order without prejudice, inviting the parties to submit a revised motion consistent with the discussion and directives in our opinion, plus evidence to support an estimate of the number of prisoners expected to be released if a revised order was approved. The County responded on February 10. The United States indicated its agreement with the revised proposed order submitted with the response. The court conducted a hearing on the response and proposed order on March 1.

In our subsequent order, of March 14, we stated that the revised proposed order complied with the directives in our opinion and was satisfactory with the exception of the provision stating that the Sheriff "may release detainees in order to reduce the population of the Cook County Jail to 85% of its available bed capacity," upon specified conditions. Because the trigger for release was stated in percentage terms, the number that would be released would depend on the jail population, which might vary unpredictably and, in particular, might increase, and also on the available bed capacity, which might also change. As a result of these uncertainties, it would be impossible for us to determine how many prisoners might actually be released under the proposed order. We concluded that the *number* of detainees that the jail should be allowed to release should be capped, rather than left to the vagaries of size of jail population and bed capacity, at 1,500, and that if the jail wanted to release more inmates it would be required to obtain our permission.

On March 22 the parties, including the United States, submitted a revised proposed order which states that "the Sheriff of Cook County may release on

electronic monitoring up to 1,500 pretrial detainees to prevent overcrowding and thus reduce the number of potential constitutional violations stemming from overcrowding at the Cook County Jail. The Sheriff may not release at his discretion more than 1,500 pretrial detainees without further permission from this Court." Although this revision is broadly satisfactory, there is a slight ambiguity because if read literally the phrase "may release on electronic monitoring up to 1,500 pretrial detainees" might be thought to mean release that many every year, or every day. That is not the intention but to avoid any possible misunderstanding we modify the provision to substitute for—"the Sheriff of Cook County may release on electronic monitoring up to 1,500 pretrial detainees to prevent overcrowding and thus reduce the number of potential constitutional violations stemming from overcrowding at the Cook County Jail. The Sheriff may not release at his discretion more than 1,500 pretrial detainees without further permission from this Court"—the following: "the Sheriff of Cook County may release on electronic monitoring pretrial detainees to prevent overcrowding and thus reduce the number of potential constitutional violations stemming from overcrowding at the Cook County Jail. No more than 1,500 pretrial detainees may be on this release status at any time without the express permission of this Court."

As so modified, the proposed released order is approved, and issued.

SO ORDERED.

March 29, 2011.