# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>COOK COUNTY, ILLINOIS;<br>THOMAS DART, COOK COUNTY<br>SHERIFF (in his official capacity);<br>TONI PRECKWINKLE, COOK COUNTY<br>BOARD PRESIDENT (in her official capacity);<br>COOK COUNTY BOARD OF<br>COMMISSIONERS (in their official capacity),<br><br>Defendants. | No. 10 C 2946<br><br>Judge Richard Posner<br><br>Judge Virginia Kendall<br><br>Judge Sharon Johnson Coleman |

## PRISONER RELEASE ORDER PURSUANT TO 18 U.S.C. § 3626

This matter coming to be heard on the Sheriff of Cook County's Revised Motion for Entry of a Prisoner Release Order Pursuant to 18 U.S.C. § 3626, due notice having been given, and the Court having been advised in the premises,

IT IS HEREBY ORDERED:

Pursuant to our findings in the Opinion of the Three-Judge District Court dated January 11, 2011, the Orders of the Three-Judge District Court entered on March 14, 2011 and March 29, 2011, and pursuant to 18 U.S.C. § 3626, the Sheriff of Cook County may release on electronic monitoring pretrial detainees to prevent overcrowding and thus reduce the number of potential constitutional violations stemming from overcrowding at the Cook County Jail. No more than 1,500 pretrial

detainees may be on this release status at any time without the express permission of this Court. The detainees may be released upon the following terms and conditions:

 1. Only pretrial detainees are eligible for electronic monitoring/home confinement. Among pretrial detainees, only those who have no history of violent crimes and who are not presently charged with violent crimes are eligible for release on electronic monitoring. A list of the charges making a detainee ineligible for release is attached. (Exhibit A).

 The detainees shall not be released on recognizance bonds and must execute a contract in order to participate that will provide that violation of the Electronic Monitoring Program conditions may result in a warrant being issued for arrest for the crime of escape under 730 ILCS 5/5-8A-4.1. A copy of the Participant Contract is attached. (Exhibit B).

 2. The Sheriff may promulgate rules that prescribe reasonable guidelines under which an electronic home detention program shall operate. These rules shall include but not be limited to the following:

  A. The participant shall remain within the interior premises or within the property boundaries of his or her residence at all times during the hours designated by the Sheriff. Such instances of approved absences from the home may include but are not limited to the following:

   (1) working or employment approved by the Sheriff or traveling to or from approved employment;

   (2) unemployed and seeking employment approved for the participant by the Sheriff;

   (3) undergoing medical, psychiatric, mental health treatment, counseling, or other treatment programs approved for the participant by the Sheriff;

   (4) attending an educational institution or a program approved for the participant by the Sheriff;

    (5)    attending a regularly scheduled religious service at a place of worship;

    (6)    participating in community work release or community service programs approved for the participant by the Sheriff; or

    (7)    for another compelling reason consistent with the public interest, as approved by the Sheriff.

    B.    The participant shall admit any person or agent designated by the Sheriff into his or her residence at any time for purposes of verifying the participant's compliance with the conditions of his or her detention.

    C.    The participant shall make the necessary arrangements to allow for any person or agent designated by the Sheriff to visit the participant's place of education or employment at any time, based upon the approval of the educational institution, employer, or both, for the purpose of verifying the participant's compliance with the conditions of his or her detention.

    D.    The participant shall acknowledge and participate with the approved electronic monitoring device as designated by the Sheriff at any time for the purpose of verifying the participant's compliance with the conditions of his or her detention.

    E.    The participant shall maintain the following:

    (1)    a working telephone in the participant's home;

    (2)    a monitoring device in the participant's home, or on the participant's person, or both; and

    (3)    a monitoring device in the participant's home and on the participant's person in the absence of a telephone.

    F.    The participant shall obtain approval from the Sheriff before the participant changes residence or the schedule described in subsection A of this section above.

  G. The participant shall not commit another crime during the period of electronic monitoring/home detention.

  H. Notice to the participant that violation of the order for electronic monitoring/home detention may subject the participant to prosecution for the crime of escape as described in Section 730 ILCS 5-8A-4.1.

  I. The participant shall abide by other conditions as set by the Sheriff.

  3. The Sheriff will designate two retired Circuit Court Judges with experience in the criminal courts to review the files of detainees to determine eligibility for release on electronic monitoring. Each judge will have his own file load of cases and will make a determination of eligibility based upon the following:

    A. The present charge or charges;

    B. The amount of bond set by the bond court judge;

    C. The pretrial services report prepared by the Probation Department;

    D. The criminal history of the detainee obtained from LEADS or I-Clear;

    E. The individual detainee's ties with the community, family situation, employment history, and educational situation will also be taken into consideration;

    F. To be eligible for release, a detainee would be required to have a place to live so that the electronic monitoring device could be put in place.

    G. In addition to electronic monitoring, the detainee may be required to report to the Day Reporting Program for drug and alcohol counseling. The designated retired judges will be provided with the Executive Director's Logs indicating the population of the Jail and the available bed capacity in each division of the Jail.

4

4. The Electronic Monitoring Program will be designed so that if a detainee violates the terms and conditions of the Participant Contract and breaks the electronic link, the Sheriff's Office will be notified within ten (10) minutes of the breach, and Sheriff's personnel will begin an investigation of the violation and, if required, dispatch officers to apprehend the program violator.

5. The Sheriff's Office may seek additional charges against a detainee violator after consultation with the Cook County State's Attorney.

6. Cook County agrees to provide sufficient appropriations to the Sheriff's Office for electronic monitoring equipment and for the control centers to monitor the detainees.

7. That the Corrections Monitor appointed by the Court in this case shall file a report with the Court once each year along with any of the required reports setting forth the status of the Electronic Monitoring Program and a statement whether the program has been instrumental in reducing overcrowding at the Cook County Jail.

8. Transfer of Inmates to the Illinois Department of Corrections:

The Sheriff may also at his discretion and without further notice to the Court continue the process presently in place with the Illinois Department of Corrections ("IDOC") to transfer to the custody of the Illinois Department of Corrections any persons housed at the Cook County Jail who have previously been sentenced by a court of law to the Illinois Department of Corrections for an unexpired sentence of confinement at the Illinois Department of Corrections. The Sheriff may transfer persons subject to the provisions of this order and the agreement with IDOC regardless of the issuance of a writ of habeas corpus *ad testificandum* or any commitment order to the CCDOC issued by the Circuit Court of Cook County.

When individuals subject to the agreement and the provisions of this order are transferred by the Cook County Department of Corrections to the Illinois Department of Corrections, such inmates shall serve the unexpired portion of his or her term of imprisonment in the Illinois Department of Corrections.

If there is a need to return a sentenced inmate to the Circuit Court of Cook County to appear on a pending matter in the Circuit Court of Cook County, the Illinois Department of Corrections shall return the inmate to the Circuit Court upon an order of that Court. Such sentenced inmate may not be recommitted to the custody of the Sheriff at the Cook County Department of Corrections without an order of this Court or agreement by the Sheriff.

9. That this Court shall retain jurisdiction to modify this prisoner release order at any time and upon such circumstances as the Court deems fit. This order shall remain in effect for four years from the date of its issuance unless sooner terminated.

ENTERED on this _____ day of _____, 2011.

ENTER:_____
Judge Richard Posner

_____
Judge Virginia Kendall

_____
Judge Sharon Johnson Coleman

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 10 C 2946 |
| COOK COUNTY, ILLINOIS; | Judge Richard Posner |
| THOMAS DART, COOK COUNTY SHERIFF (in his official capacity); | Judge Virginia Kendall |
| TONI PRECKWINKLE, COOK COUNTY BOARD PRESIDENT (in her official capacity); | Judge Sharon Johnson Coleman |
| COOK COUNTY BOARD OF COMMISSIONERS (in their official capacity), | |
| Defendants. | |

**ELECTRONIC MONITORING PROGRAM'S
LIST OF CRITERIA FOR DISQUALIFICATION**

The following criteria for disqualification will be followed unless ordered by the Court:

1. Anyone ever convicted of murder or a violent sex crime will not be considered for release onto electronic monitoring.

2. Anyone with a current charge of unlawful use of weapons or anyone charged with unlawful sale of weapons is not eligible.

3. Any narcotics charge other than marijuana involving more than 100 grams will disqualify a detainee from electronic monitoring.

4. Recurrent violent charges in the history of a detainee will disqualify that individual for electronic monitoring.

5. Any individual with an active warrant or hold will be disqualified.

The conviction at any time, or a charge alone, within the last twelve (12) months of any of the following offenses will be sufficient to disqualify an inmate for the Electronic Monitoring Program unless the charge was dismissed or discharged. In each case, the candidate will be judged on an individual basis for his/her acceptance to the program.

    a. Murder

    b. Attempt murder

    c. Voluntary manslaughter, involuntary manslaughter or related offenses

    d. Armed robbery

    e. Robbery

    f. Vehicular hijacking

    g. Armed violence

    h. Aggravated assault

    i. Aggravated battery

    j. Aggravated discharge of a firearm

    k. Arson/aggravated arson

    l. Home invasion

    m. Kidnapping and related offenses

    n. Aggravated criminal sexual assault

    o. Aggravated criminal sexual abuse

    p. All related sexual offenses

q. Drug possession and/or distribution or possession with the intent to sell where a charge is a Class X felony

r. Escape

s. Violation of an order of protection

t. Domestic battery

u. Stalking

v. Mob violence

w. All Class X and Class 1 Felonies

x. Any offense listed in (B) "Excluded Offenses" of 730 ILCS 5/5-8A-2 (Electronic Home Detention Law).

# EXHIBIT B

# COOK COUNTY SHERIFF'S OFFICE
# PARTICIPANT CONTRACT

Ct. / Branch: _____

Date: _____
A.M. ☐   P.M. ☐

PARTICIPANT: _____ JAIL # _____

You have been court ordered to participate in the Cook County Sheriff's Electronic Monitoring Program in lieu of being detained in the Cook County Department of Corrections, and do hereby agree to abide by the conditions of the Monitoring Program. By affixing your initials to each program condition and your signature at the end of this contract, you do hereby agree to the fact that you fully understand this contract and agree to the conditions set forth herein.

- You agree to remain within the interior premises of your residence twenty-four hours per day unless Sheriff's Office Personnel have granted prior approval of an absence. _____ (initials)
- You agree to admit representatives of this program into your residence twenty-four hours per day to ensure compliance with the conditions of this program. _____ (initials)
- You agree to make necessary arrangements to allow for representatives of this program to visit your place of employment and or place of education for the purposes of verifying your compliance with the conditions of this program. _____ (initials)
- You agree to maintain a working telephone in your residence, a monitoring device in your residence, and on your person, or a monitoring device in your residence and on your person in the absence of a telephone. _____ (initials)
- You agree to obtain approval from the Sheriff's Office prior to changing your address or scheduling movement outside of your residence. _____ (initials)
- You agree not to commit another crime while on Electronic Monitoring. _____ (initials)
- You agree to return all of the monitoring equipment issued to you upon being notified of your discharge from the program. Failure to the equipment may subject you to arrest for felony theft and/or criminal damage to property and/or you will reimburse the contractor for the cost of the missing or damaged equipment. _____ (initials)
- You understand that violation of the program conditions may result in a warrant being issued for your arrest for the crime of escape under 730 ILCS 5/5-8A-4.1. _____ (initials)
- You agree to pay a daily participation fee if ordered by the court to do so under 725 ILCS 5/110-10(b)(14.2 and 14.3). _____ (initials)
- You agree to pay the fee in full to the Clerk of the Circuit Court prior to the disposition of your case or completing your sentence. _____ (initials)

Your signature below indicates the following:
- That you have read and agree to the above conditions. _____ (initials)
- That you have received a home monitoring receiving unit (HMRU) or cellular HMRU, external monitoring transmitter (XMT), power cord, phone cord, and that the equipment issued is in good condition with no visible damage. _____ (initials)
- That you have received a detailed copy of the rules and regulations of Electronic Monitoring and agree to follow and abide by them. _____ (initials)
- That you understand that failure to comply with the rules and regulations may result in your reincarceration into the Cook County Department of Corrections. _____ (initials)
- That you have viewed the Electronic Monitoring new release participant video. _____ (initials)
- That you have received instructions on how to use the cellular unit. (If applicable) _____ (initials)

Participant's Signature _____ Date: _____

## ELECTRONIC MONITORING PERSONNEL ONLY

The signature below indicates that I have witnessed the signature of the participant named above, and that I personally attest that all equipment issued is working properly and in good condition with no damage to the cases or cords.

Original Equipment Issued:   HMRU or GSM-HMRU # : _____   XMT # _____

Investigator Signature and Star # : _____

Date: _____

E.M.U. 704D (06-10)