United States District Court for the
Northern District of Illinois,
Eastern Division

| | |
|---|---|
| United States of America, ) | |
| ) | No. 10-CV-2946 |
| Plaintiffs, ) | |
| ) | Judge Virginia Kendall |
| v. ) | |
| ) | |
| Cook County, Illinois, et al., ) | |
| ) | |
| Defendants. ) | |

**Position of the Public Defender of Cook County regarding authority of Illinois state court judges to release pretrial detainees under electronic monitoring even where no monetary bond is required**

This litigation revolves around the crowded conditions at the Cook County Department of Corrections (CCDOC). The Public Defender of Cook County is the presumptive counsel for all indigent persons charged with criminal offenses in Cook County. The ability of each client to be released from CCDOC while his or her case is pending – whether through a recognizance bond, the posting of bail, or an imposed condition of electronic monitoring – affects the efficacy of representation and ability of the Public Defender to secure a fair outcome for that client. The Public Defender therefore has an interest in this litigation and seeks to advance his position as an advocate for his clients.

To that end, the Public Defender offers this position statement that the governing statutes are not ambiguous and permit circuit court judges of

Illinois to attach electronic monitoring (EM) as a condition of bond, even where that bond releases the individual on his or her own recognizance. EM is not predicated on the existence of monetary bond.

As explained below, the Public Defender first sets forth his interest to justify the filing of his position with this Court, and then sets forth the pertinent statutes that make his position clear.

**Constitutional mandate**

The Sixth Amendment to the Constitution of the United States requires that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . . and to have the assistance of counsel for his defence." U.S. Const., Amend. VI. The Illinois Constitution has a corollary provision. Illinois Const. 1970, Art. I, § 8.

The Sixth Amendment right to the assistance of counsel was applied to the States, via the due process clause of the Fourteenth Amendment, through the case of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Gideon's* extent was explained by *Argersinger v. Hamlin*, 407 U.S. 25 (1972). "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Id.* at 37. See also *Scott v. Illinois*, 440 U.S. 367, 373 (1979) ("the central premise of *Argersinger* – that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment – is

eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.")

**Statutory mandate**

The duties of the Public Defender, and interest the Public Defender has in the current litigation, are defined by the Public Defender and Appointed Counsel Act. 55 ILCS 5/3-4000 et seq. The general duties of the Public Defender are defined as follows:

> 55 ILCS 5/3-4006. Duties of public defender. The Public Defender, as directed by the court, shall act as attorney, without fee, before any court within any county for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel.
>
> The Public Defender shall be the attorney, without fee, when so appointed by the court under Section 1-20 of the Juvenile Court Act or Section 1-5 of the Juvenile Court Act of 1987 [705 ILCS 405/1-5] or by any court under Section 5(b) of the Parental Notice of Abortion Act of 1983 [720 ILCS 520/5(b)] for any party who the court finds is financially unable to employ counsel.
>
> Every court shall, with the consent of the defendant and where the court finds that the rights of the defendant would be prejudiced by the appointment of the public defender, appoint counsel other than the public defender, except as otherwise provided in Section 113-3 of the "Code of Criminal Procedure of 1963" [725 ILCS 5/113-3]. That counsel shall be compensated as is provided by law. He shall also, in the case of the conviction of any such person, prosecute any proceeding in review which in his judgment the interests of justice require.

Section 113-3 of the Code of Criminal Procedure further defines the presumptive appointment of the Public Defender to the indigent accused:

>(a) Every person charged with an offense shall be allowed counsel before pleading to the charge. . . .
>
>(b) In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. If there is no Public Defender in the county or if the defendant requests counsel other than the Public Defender and the court finds that the rights of the defendant will be prejudiced by the appointment of the Public Defender, the court shall appoint as counsel a licensed attorney at law of this State, except that in a county having a population of 2,000,000 or more the Public Defender shall be appointed as counsel in all misdemeanor cases where the defendant is indigent and desires counsel unless the case involves multiple defendants, in which case the court may appoint counsel other than the Public Defender for the additional defendants. . . .
>725 ILCS 5/113-3

For all felony and misdemeanor prosecutions, the Public Defender is presumptive counsel under Section 113-3. "The statute clearly states that the public defender shall be appointed as counsel for an indigent defendant unless such an appointment will prejudice the rights of the defendant. Contrary to defendant's assertion, unless there is a determination that such prejudice will result, the court does not have discretion to appoint counsel other than the public defender." *People v. Clark*, 108 Ill. App. 3d 1071, 1078 (1st Dist. 1982).

**Statutes governing bail bond and electronic monitoring**

The rules governing the imposition of EM on any person in Illinois is governed by the Electronic Home Detention Law, 730 ILCS 5/5-8A-1 et seq.

730 ILCS 5/5-8A-3 identifies the situations in which EM may be imposed. Most of the situations involve a person already convicted. However, EM is authorized for persons in "pretrial or pre-adjudicatory detention." 730 ILCS 5/5-8A-3(f)(1).

The use of EM as during pretrial detention is governed by 725 ILCS 5/110-10(b), which states:

> The court may impose other conditions, such as the following, if the court finds that such conditions are reasonably necessary to assure the defendant's appearance in court, protect the public from the defendant, or prevent the defendant's unlawful interference with the orderly administration of justice:
>
> * * *
>
> (14) Be placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity with or without the use of an approved electronic monitoring device subject to Article 8A of Chapter V of the Unified Code of Corrections [730 ILCS 5/5-8A-1 et seq.];

In 1997, the Illinois Attorney General offered the opinion that EM is a permissible condition of pretrial release. The Attorney General concluded that a judge can impose EM as a condition of release. See Ill. Att. Gen. Opinion 97-006, "Authority of County Sheriff to Order a County Jail Inmate to Electronic Home Detention Without Leave of Court."

The Bail article in the Code of Criminal Procedure is found at 725 ILCS 5/110-1 et seq. Section 110-2 permits a judge to release an accused on his/her own recognizance, known in the Illinois criminal court system as an I-bond.

An I-bond is permissible, "When from all the circumstances the court is of the opinion that the defendant will appear as required either before or after conviction and the defendant will not pose a danger to any person or the community and that the defendant will comply with all conditions of bond. . ."

Separately, Section 110-10 codifies the conditions of bail bond that may be imposed. It states, in express terms, "If a person is released prior to conviction, either upon payment of bail security *or on his or her own recognizance*, the conditions of the bail bond shall be that he or she will . . . ." following by a laundry list of potential conditions. 725 ILCS 5/110-10(a). (Emphasis added.)

As already noted above, Section 110-10(b) permits the imposition of additional conditions, including EM as condition 14. 725 ILCS 5/110-10(b)(14). EM is also approved as a condition for persons charged with any alcohol, cannabis, methamphetamine, or controlled substance violation 725 ILCS 5/110-10(b)(14.1).

**Position of the Public Defender**

The issue of who has authority to release detainees on EM has arisen previously before this Court. On March 14, 2011, a three-judge district court ordered that the Sheriff of Cook County may release detainees in order to reduce the population of CCDOC. On March 29, 2011, the same three-judge district court clarified its ruling to hold that "the Sheriff of Cook County may

release on electronic monitoring pretrial detainees to prevent overcrowding and thus reduce the number of potential constitutional violations stemming from overcrowding at the Cook County Jail. No more than 1,500 pretrial detainees may be on this release status at any time without the express permission of this Court." 10-CV-02946, Document #70, Filed March 29, 2011.

After a conference held on February 22, 2013, this District Court issued a minute order directing the parties to submit position papers by March 8, 2013 regarding whether 725 ILCS 5/110 or any other Illinois statute prohibits Illinois state court judges from ordering EM as a condition of release from pre-trial detention without also ordering the pre-trial detainee to pay a monetary bond.

The governing statutes are not ambiguous. Conditions of bail bond may be imposed even if the accused is released on his or her own recognizance. Judges are authorized to release individuals without payment of money, yet with EM.

As the presumptive counsel for many of the indigent accused in CCDOC, the Public Defender has an interest in the release of his clients pending trial. The Illinois statutes are not murky or indecipherable. They are clear and permit state court judges to release detainees on EM, even if no monetary bond is attached.

It is therefore respectfully requested that the position of the Public Defender be recognized, and that this Court rule that judges in the state courts of Illinois have the authority to order electronic monitoring as a condition of release from pretrial detention without also ordering payment of a monetary bond.

          Respectfully submitted,

          ABISHI C. CUNNINGHAM, JR.
          Public Defender of Cook County


          By: /s/ ABISHI C. CUNNINGHAM, JR.

Public Defender of Cook County
69 West Washington
16th Floor
Chicago, IL 60602
312-603-0600