UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 10 C 2946 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| COOK COUNTY, ILLINOIS; ) | |
| THOMAS DART, COOK COUNTY ) | |
| SHERIFF; TONI PRECKWINKLE, ) | |
| COOK COUNTY BOARD ) | |
| PRESIDENT; COOK COUNTY ) | |
| BOARD OF COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

**Position Paper of Cook County Concerning State Court Authority to
Order Electronic Monitoring as Condition of Release
Without Payment of Monetary Bond**

NOW COME the Defendants, TONI PRECKWINKLE, PRESIDENT OF THE COOK COUNTY BOARD OF COMMISSIONERS in her official capacity, the COOK COUNTY BOARD OF COMMISSIONERS in their official capacities and COOK COUNTY, by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through Deputy State's Attorney Patrick T. Driscoll, Jr., and Assistant State's Attorney Donald J. Pechous, and respond to this Court's Order of February 25, 2013 as follows:

The Court has directed the parties to respond to the following: Whether 725 ILCS 5/110 or any other Illinois statute prohibits Illinois state court judges from

ordering electronic monitoring as a condition of release from pre-trial detention without also ordering the pre-trial detainee to pay a monetary bond.

A state court trial judge is expressly authorized by Section 10 of Article 110, "Bail," of the Illinois Code of Criminal Procedure to impose the condition of electronic monitoring upon a pre-trial detainee that the judge has ordered released on his or her own recognizance. 725 ILCS 5/110-10(a); (b)(14 -14.3). Accordingly, a pre-trial detainee is not required to post a monetary bond as a pre-condition to electronic monitoring eligibility.

Pursuant to Section 109-1 of the Illinois Code Criminal Procedure, "A person arrested with or without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county," and that judge is required to "[a]dmit the defendant to bail in accordance with the provisions of Article 110 of this Code." 725 ILCS 5/109-1. Article 110 defines "bailable offenses," and provides explicit guidance for "[d]etermining the amount of bail and conditions of release." *See,* 725 ILCS 5/110-4, 110-5. Section 2 of Article 110, "Release on own recognizance," authorizes the court to release the defendant on his or her own recognizance "[w]hen from all the circumstances the court is of the opinion that the defendant will appear as required either before or after conviction and the defendant will not pose a danger to any person or the community and that the defendant will comply with all conditions of bond." 725 ILCS 5/110-2. This section presumes that an individual recognizance bond contains conditions.

2

Section 10 of Article 110, "Conditions of bail bond," is a lengthy section setting forth six mandatory conditions of bond as well a number of optional conditions that the court may impose, including electronic monitoring, "if the court finds that such conditions are reasonably necessary to assure the defendant's appearance in court, protect the public from the defendant, or prevent the defendant's unlawful interference with the orderly administration of justice." 725 ILCS 5/110-10. The first paragraph of this section plainly provides that the conditions are applicable to persons released upon their own recognizance, as well as those who have paid bail security:

> (a) If a person is released prior to conviction, either upon payment of bail security or on his or her own recognizance, the conditions of the bail bond shall be that he or she will…

725 ILCS 5/110-10(a).

Subsection 110-10(b) authorizes the court to impose other conditions including placing the defendant on electronic monitoring. That subsection provides in pertinent part as follows:

> (b) The court may impose other conditions, such as the following, if the court finds that such conditions are reasonably necessary to assure the defendant's appearance in court, protect the public from the defendant, or prevent the defendant's unlawful interference with the orderly administration of justice:
> * * *
> (14) Be placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity with or without the use of an approved electronic monitoring device subject to Article 8A of Chapter V of the Unified Code of Corrections;
>
> (14.1) The court shall impose upon a defendant who is charged with

any alcohol, cannabis, methamphetamine, or controlled substance violation and is placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity with the use of an approved monitoring device, as a condition of such bail bond, a fee that represents costs incidental to the electronic monitoring for each day of such bail supervision ordered by the court, unless after determining the inability of the defendant to pay the fee, the court assesses a lesser fee or no fee as the case may be. The fee shall be collected by the clerk of the circuit court. The clerk of the circuit court shall pay all monies collected from this fee to the county treasurer for deposit in the substance abuse services fund under Section 5-1086.1 of the Counties Code;

(14.2) The court shall impose upon all defendants, including those defendants subject to paragraph (14.1) above, placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity with the use of an approved monitoring device, as a condition of such bail bond, a fee which shall represent costs incidental to such electronic monitoring for each day of such bail supervision ordered by the court, unless after determining the inability of the defendant to pay the fee, the court assesses a lesser fee or no fee as the case may be. The fee shall be collected by the clerk of the circuit court. The clerk of the circuit court shall pay all monies collected from this fee to the county treasurer who shall use the monies collected to defray the costs of corrections. The county treasurer shall deposit the fee collected in the county working cash fund under Section 6-27001 or Section 6-29002 of the Counties Code, as the case may be;

(14.3) The Chief Judge of the Judicial Circuit may establish reasonable fees to be paid by a person receiving pretrial services while under supervision of a pretrial services agency, probation department, or court services department. Reasonable fees may be charged for pretrial services including, but not limited to, pretrial supervision, diversion programs, electronic monitoring, victim impact services, drug and alcohol testing, DNA testing, GPS electronic monitoring, assessments and evaluations related to domestic violence and other victims, and victim mediation services. The person receiving pretrial services may be ordered to pay all costs incidental to pretrial services in accordance with his or her ability to pay those costs;
* * *

725 ILCS 5/110-10(b). Thus, Section 110-10 clearly authorizes a state court judge to impose the condition of electronic monitoring upon a pretrial detainee that the judge has ordered released on his or her own recognizance; the imposition of a monetary bond is not a prerequisite to imposing electronic monitoring. This conclusion is not altered by the various definitions set forth in the General Definitions article of the Code of Criminal Procedure for bail, bail bond, and recognizance. *See,* 725 ILCS 5/102-6 ("Bail"), 102-7 ("Bail bond"); and 102-19 ("Recognizance"). It is a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or another act, which both relate to the same subject, the specific provision controls and should be applied. *People v. Villarreal*, 152 Ill. 2d 368, 379, 604 N.E.2d 923 (1992). The context in which the term "bail bond" is used in Section 110-10 indicates that "the conditions of the bail bond" are applicable to both persons released upon payment of bail security and those released upon recognizance. *See,* 725 ILCS 5/110-10(a) (as set forth above). Moreover, we note that the conditions of electronic monitoring and home confinement have been routinely applied to persons released on recognizance bonds. *See, e.g., People v. Thompson,* 174 Ill. App. 3d 496, 528 N.E. 2d 1016 (2nd Dist. 1988); *People v. Ramos*, 138 Ill. 2d 152, 561 N.E. 2d 643 (1990).

In a 1997 Illinois Attorney General opinion, the Attorney General construed the language in Section 110-10 to support his conclusion that "in the pre-trial setting the trial court retains the sole authority to impose electronic home

5

monitoring as a condition of bond." *See, Ill. Op. Att'y Gen., No. 97-006, issued May 6, 1997.* The Illinois Attorney General determined that the Home Detention Law, 730 ILCS 5/5-8A-1 *et seq.*, did not grant the sheriff independent statutory authority to place jail inmates on electronic monitoring either as a condition of bond in a pre-trial setting or following conviction and sentencing to periodic release or probation. The Attorney General contrasted the statutory authority of the sheriff with that granted to the courts and the Prisoner Review Board, noting, "By granting the courts and the Prisoner Review Board the express statutory authority to order electronic detention, it must be assumed that the General Assembly did not intend by implication to grant that authority to sheriffs." *Ill. Op. Att'y Gen., No. 97-006, issued May 6, 1997.*

The sheriff has been statutorily designated as "the warden of the jail of the County" and is given explicit authority "to have charge of all prisoners held in any institution, center or other facility in the county." 730 ILCS 125/2; 55 ILCS 5/3-15003. The sheriff is required to receive and confine in such jail all persons committed to such jail by any competent authority "until discharged by due course of law." 730 ILCS 125/4. The sheriff is authorized to release persons in his custody to the State's Attorney or law enforcement personnel for the purpose of furthering criminal investigations. 730 ILCS 125/19.5. The Sheriff of Cook County is further authorized to "transfer or recommit any prisoner from one institution…to another institution…whenever [he] determines that such transfer or recommitment…is necessary to relieve overcrowding." 55 ILCS 5/3-15003(b). Pursuant to the Home

Detention Law, the Sheriff may serve as a "supervisory authority" for the purpose of administering an electronic home detention program. 730 ILCS 5/5-8A-2(E); 5-8A-4. By contrast, as noted by the Attorney General, *supra*, pursuant to Illinois law, "the trial court retains the sole authority to impose electronic home monitoring as a condition of bond." *See also, Leinberger v. Campion*, 1994 U.S. Dist. LEXIS 9474, **21-22 (N.D. Ill. July 13, 1994)(Andersen, J.) ("Illinois law grants judges the authority to set bail and any conditions thereto, and to remand criminal defendants into the custody of peace officers for violating conditions of bail [*citing 725 ILCS 5/110-1 et seq.*"). This is consistent with the Illinois Supreme Court's determination that the courts have inherent powers with regard to bail. *See, People ex rel. Hemingway v. Elrod,* 60 Ill. 2d 74, 83-84, 322 N.E.2d 837 (1975) ("the constitutional right to bail must be qualified by the authority of the courts, as an incident of their power to manage the conduct of proceedings before them, to deny or revoke bail when such action is appropriate to preserve the orderly process of criminal procedure;" denial of bail under certain circumstance "is within the inherent power of the court").

While the authority to order a pretrial detainee released on bond with a condition that he or she participate in an electronic home detention program is vested solely in the court under Illinois law, the Sheriff of Cook County has also been authorized by the prisoner release order entered in this cause, pursuant to the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, to release up to 1,500 eligible, i.e., non-violent, pretrial detainees on electronic monitoring to prevent

7

overcrowding at the Cook County Jail. Based on the authority granted by the Order from the three-judge panel entered on March 29, 2011 (Docket Entry 70), the Sheriff is charged with specific authority and discretion, and independent of the state courts, to discharge up to 1,500 eligible pretrial detainees regardless of any bond conditions which may or may not have been imposed by the state court.

Accordingly, for the above stated reasons, it is the position of Cook County that no Illinois statute prohibits Illinois state court judges from ordering electronic monitoring as a condition of release from pretrial detention without also ordering the pretrial detainee to pay a monetary bond. Therefore, a pretrial detainee is not required to post a monetary bond as a prerequisite to electronic monitoring eligibility. Moreover, the Sheriff of Cook County is authorized to release up to 1,500 eligible pretrial detainees on electronic monitoring to prevent overcrowding, in addition to any pretrial detainees who Illinois state court judges have ordered placement on electronic monitoring as a condition of bail.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:/S/*Donald J. Pechous*
Donald J. Pechous
Deputy Chief
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3378

8