IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America<br><br>Plaintiff(s),<br><br>v.<br><br>Cook County, Illinois et al<br><br>Defendant(s). | Case No. 10 c 2946<br>Judge Virginia M. Kendall |

**ORDER**

Obtaining a fully-staffed mental health facility that can address some of the mental health problems of pretrial detainees remains one of my highest priorities in resolving this Consent Decree. The parties have made amazing progress on bringing the facility into compliance and have even established practices that are now emulated in other states. Yet, Defendants have been unable to hire the full number of psychiatrists and psychologists needed to address the significant number of detainees with mental health issues. In order to maintain a population that can be professionally cared for under their constitutional obligations, the issue of mental health treatment must be addressed. Defendants have reported on progress that they have made each reporting period including changing their hiring practices and increasing the salary to be offered for medical professionals, yet there remain eight open psychiatrist positions and three open psychologist positions. This means that the mental health care is approximately staffed at a 50% level instead of where it should be in order to adequately treat the population. This lack of treatment is reflected in the monitors' reports in other ways, including a higher level of inmate on inmate violence and an increase in the use of force against detainees who act out. Although significant efforts have been made, they are not sufficient. The jail needs a fully-staffed mental health unit in order to address the needs of the pretrial detainees. If this unit were completely staffed, numerous other collateral improvements would also fall into place. If pretrial detainees are given proper counseling and medication, the risk of violent outbursts and altercations between inmates would decrease, the risk of excessive use of force would also decrease, and the potential for release would increase thereby reducing the jail population.

The Consent Decree requires Cermak to "ensure timely provision of therapy, counseling, and other mental health programs for all inmates with serious mental illness. This includes *adequate number* of Qualified Mental Health Staff to provide treatment . . ." (Dkt. 13 at 38) (emphasis added). Though "adequate number" is not defined by the terms of the Decree, it has become clear through the efforts of the parties that staffing the psychiatrist and psychologist positions below capacity is insufficient to satisfy the Consent Decree or the needs of the jail population. Therefore, the Court orders Defendants to hire eight psychiatrists and three psychologists by June 2016 and orders that the County fully fund the positions within its budget. *See F.T.C. v. Trudeau*, 662 F.3d 947, 952 (7th Cir. 2011) (district court acted within its discretion "to reinforce the order by clarifying its terms"); *see also O'Sullivan v. City of Chicago*, 396 F.3d 843, 860 (7th

Cir. 2005) (a continuing decree of injunction is always subject to adaptation as events may shape the need).

Date: 7/31/2015

_____
Virginia M. Kendall
United States District Judge