IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 2946 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| | ) | |
| THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MOTION FOR RELIEF FROM RESTRICTIONS ON
DEPOSITION OF MONITOR HARRY GRENAWITZKE**

Petitioners, Barbara Lyons, Gregory Koger, and Shakira Carter, through counsel, respectfully request that they be granted limited relief from §IV(F) of the Agreed Order (Dkt. 3-1), which provides in relevant part:

> The Monitors shall not testify in any other litigation or proceeding with regard to any act or omission of Defendants or any of their agents, representatives, or employees related to this Agreed Order, nor testify regarding any matter or subject that he or she may have learned as a result of his or her performance under this Agreed Order.

In support thereof, Plaintiffs state as follows:

**I.      Introduction**

Petitioners in this motion are the plaintiffs in *Lyons v. Dart*, 14 C 6361, currently pending in this District before Magistrate Judge Maria Valdez. The *Lyons* matter is a *Monell* case challenging Cook County Jail policies limiting inmates' possession of books and magazines in their living quarters. Specifically, Plaintiffs contend that the Cook County Jail policy set forth in its inmate information handbook limiting detainees to "three total magazines or books per

1

inmate" violates detainees' First Amendment rights and the First Amendment rights of those outside the jail who wish to communicate with detainees via sending them reading materials.

Petitioners seek limited relief from the Agreed Order entered in this case. In particular, Plaintiffs seek to take a brief and narrowly tailored deposition of Harry Grenawitzke, who is responsible for monitoring compliance with the physical plant provisions of the Agreed Order. As set forth below, Cook County Jail officials have relied on statements allegedly made by Mr. Grenawitzke to justify their book policies. However, the statements and recommendations that jail officials attribute to Mr. Grenawitzke are inconsistent with the recommendations set forth in Grenawitzke's compliance reports filed in this case. Thus, petitioners seek to depose Mr. Grenawitzke to find out whether he has in fact made recommendations about books and magazines that are different from those set forth in his written reports. Without the ability to take Mr. Grenawitzke's deposition, petitioners have no way to probe the veracity of the jail witnesses' statements or to respond to the Sheriff's defense.

## II. Mr. Grenawitzke's Testimony Is Highly Relevant

Under Fed.R.Civ.P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Here, it cannot be seriously doubted that Mr. Grenawitzke's deposition is relevant to the issues in the *Lyons* matter. Petitioners have deposed two jail officials concerning the jail's rationales for the policy limiting inmates' possession of books and magazines. Both deponents have relied, at least in part, upon statements and recommendations they claim were made by monitor Harry Grenawitzke. Specifically, Executive Director Dan Moreci testified that he learned in conversation with Grenawitzke that the DOJ was "unhappy with the amount of books and magazines in the jail" and that Grenawitzke had been "very verbal" about the need to reduce the number of books and

2

magazines (along with other flammable materials). Likewise, Bruce Schroer, the jail's Rule 30(b)(6) designee concerning compliance with the Agreed Order, testified that Grenawitzke reviewed and approved the jail's inmate information handbook including the policy, which imposes the three-book limit. Schroer further testified that the jail deemed the three-book policy necessary to comply with the DOJ Monitors' recommendations.

Petitioners seriously question whether Mr. Grenawitzke has in fact authorized or endorsed the three-book restriction. Plaintiffs' suspicions are based on their review of Mr. Grenawitzke's reports, in which he has never recommended a numerical limitation on the number of books and/or magazines inmates may possess. In fact, the three-book policy actually seems to be in conflict with his reports, which emphasize that the jail should control clutter in the jail by requiring inmates to limit their personal property to that which they can store in a jail-issued property bag. See, *e.g., USA v. Cook County*, 10 C 2946, Dkt. 254 at 31, Grenawitzke's Nov. 2014 report (recommending that officers in the jail "enforce the policy ... requir[ing] inmates to maintain all personal belongings and commissary in their personal property bags."). Because the jail has invoked Mr. Grenawitzke's authority and guidance as a monitor to justify the jail's book restriction, Plaintiffs seek to depose Mr. Grenawitzke to find out whether it is in fact his recommendation that the jail should limit inmates to possessing no more than three books and/or magazines.

In this regard, Plaintiffs' inquiry will be specific and focused on two main issues: (1) whether, where and to whom Mr Grenawitzke has in fact made such a recommendation; and (2) given Mr. Grenawitzke's emphasis in his reports directing the jail to use so-called property bags to store inmates' personal belongings (including paper goods like books and magazines), why

3

property bags are not a sufficient and proper limit to the overall amount of paper to be allowed in a detainee's cell at any one time.

**III.     The Jail Should Not Be Permitted to Rely on the Monitor's Opinions and then Use their Agreement with the DOJ in this Case to Block Discovery about those Opinions**

The bar on monitor testimony set forth in the Agreed Order is an evidentiary shield the Cook County Jail negotiated with the DOJ to protect itself. But by invoking Mr. Grenawitzke's authority in the *Lyons* case, the jail has put Grenawitzke's observations and opinions in issue. It would be fundamentally unfair for the jail to be permitted to use monitor opinions as a sword in the *Lyons* litigation while asserting the Agreed Order in this case as a shield against discovery into those opinions.

Such an outcome would be inconsistent with the purpose for which this Agreed Order was entered in the first place—*i.e.* to protect Cook County Jail inmates' constitutional rights. Paragraph nine of the Agreed Order states that nothing in the order should be construed to interfere with the protections of inmate's constitutional rights. The paragraph reads as follows:

> The purpose of this Agreed Order is to protect the constitutional rights of the inmates detained at the Facility. The terms and requirements of this Agreed Order will be interpreted to be consistent with the measures necessary to protect the constitutional rights of inmates and are not meant to expand or contract the constitutional rights of inmates at the Facility.

Agreed Order at ¶9. Because inmates' First Amendment rights are at stake here, the Agreed Order should not act as a bar to relevant discovery.

**IV.     Petitioners Are Only Interested in Public Information and in a Narrow Issue Raised by the Sheriff As a Defense of Its Three-Book Policy**

Plaintiffs are willing to abide by reasonable limitations on the scope of their inquiry of Mr. Grenawitzke. *See* Fed.R.Civ.P. 45(d)(3)(B) (a court may modify or quash a subpoena when the subpoena, *inter alia,* requires the disclosure of a "trade secret or other confidential research,

4

development, or commercial information."); see also *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S. Dist. Iowa,* 482 U.S. 522, 566 (1987) (under FRCP 26, "[a] court may 'make any order which justice requires' to limit discovery, including an order permitting discovery only on specified terms and conditions, by a particular discovery method, or with limitation in scope to certain matters.")

Petitioners acknowledge that Mr. Grenawitzke has legitimate concerns about potentially being subject to a fishing expedition seeking to have him disclose privileged and/or protected materials he has obtained as a jail monitor. Petitioners, however, are only interested in asking Mr. Grenawitzke a series of narrowly tailored questions about the jail's three- book/magazine restriction to probe the Sheriff's contention that the restriction has been justified by Mr. Grenawitzke's authority and recommendations. Petitioners are also willing to conduct Mr. Grenawitzke's deposition on a convenient date when he will be in Chicago or via Skype or videoconferencing to avoid any undue burden on him.

In short, this is not (or at least should not be) an all-or-nothing affair. That is, the deposition of Mr. Grenawitzke should be allowed to proceed, and at the same time Mr. Grenawitzke can and should be confident that its scope will be appropriately limited.

**Conclusion**

For the reasons stated above, Petitioners respectfully request that this Honorable Court grant them relief from §IV(F) of the Agreed Order and permit them to take the deposition of Harry Grenawitzke.

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiffs in Lyons v. Dart,* 14 C 6361

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
847-361-3869

6