# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) | Case No. 10 CV 2946 |
| COOK COUNTY, ILLINOIS; THOMAS DART, COOK COUNTY SHERIFF (in his official capacity); TONI PRECKWINKLE, COOK COUNTY BOARD PRESIDENT (in her official Capacity); COOK COUNTY BOARD OF COMMISSIONERS (in their official capacity); | ) ) ) ) ) ) ) ) ) ) | Judge Virginia M. Kendall |
| DEFENDANTS. | ) | |

## JOINT MOTION TO DISMISS AND TERMINATE REMAINING SECTIONS OF THE AGREED ORDER

Parties Cook County, Illinois, Cook County Board President Toni Preckwinkle, and the Cook County Board of Commissioners (collectively, "Cook County") and the United States of America hereby jointly move to terminate the remaining provisions of the Agreed Order entered into this case and to dismiss the matter. Cook County has achieved and maintained substantial compliance with all of the Agreed Order provisions for which it bears responsibility, and it is therefore appropriate to conclude the Agreed Order, in accordance with the termination provision in § VII.C, and dismiss this matter.

### A. Background

1. On May 26, 2010, the Court entered an Agreed Order in this matter, ECF No. 13, which required Cook County Sheriff Thomas Dart ("Sheriff") and Cook County to implement remedial measures to ensure constitutional conditions of confinement within the Cook County Department of Corrections ("CCDOC") facilities. The Agreed Order resolves the United States' claims contained in the complaint in this matter, filed pursuant to the Civil Rights of

Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997.

2. The Agreed Order touched on most aspects of operations at the CCDOC facilities, including Protection from Harm (use of force, safety and supervision, security staffing, incidents and referrals, investigations, inmate disciplinary process, classification, inmate grievance procedure, and access to information); Medical Care; Mental Health Care; Suicide Prevention; Fire and Life Safety; Sanitation and Environmental Conditions; and Quality Management and Performance Measurement. ECF No. 13, §§ III.A-H. The Agreed Order provides for four Court-appointed monitors (Corrections, Medical, Mental Health, and Physical Plant), jointly selected by all parties, to assess the Defendants' compliance with the substantive provisions of the Agreed Order through semi-annual monitoring visits and accompanying reports. ECF No. 13, § IV.A.

3. Since the inception of the Agreed Order, the Sheriff and Cook County consistently demonstrated a commitment to providing constitutional conditions of confinement and services for inmates in the CCDOC facilities. In conjunction with extensive technical assistance and consultation by the Court-appointed monitors, the Sheriff and Cook County achieved significant improvements in the operation of CCDOC's facilities through the development and implementation of new policies and practices, which evolved over the course of the Agreed Order. The monitors documented this progress towards compliance in semi-annual reports to the Court, which are based on formal compliance visits, interim site visits, and the continuous exchange of information and consultation. Representatives from the Department of Justice have participated in the monitors' compliance visits and have confirmed the monitors' findings.

4. The termination provision of the Agreed Order provides that the Agreed Order:
[S]hall terminate when Defendants have achieved substantial compliance with each of the

provisions of the Agreed Order and have maintained Substantial Compliance with the Agreed Order for a period of 18 months. . . . [A] full substantive section of the Agreed Order (§ III.A: Protection from Harm, § III.B: Health Care Services, § III.C: Medical Care, § III.D: Mental Health Care, § III.E Suicide Prevention Measures, § III.F: Fire and Life Safety, § III.G: Sanitation and Environmental Conditions, or § III.H: Quality Management and Performance Measurement) may conclude independently of the rest of the Agreed Order in the event that substantial compliance for all subcomponents of each provision in the full substantive section is achieved and maintained for the requisite 18-month period.  In addition, if the responsible Defendant has substantially complied with all the provisions assigned to it in a full substantive section of the Agreed Order (for example, CCDOC could substantially comply with all of the provisions specifically assigned to it in § III.C: Medical Care), and has maintained Substantial Compliance with all of those provisions for at least 18 months, those provisions may conclude independently of the rest of the Agreed Order."

ECF No. 13 at § VII.C.

5. Pursuant to this provision, in June 2015, the parties filed a motion to conclude the Fire and Life Safety (§ III.F) and Sanitation and Environmental Conditions (§ III.G) sections of the Agreed Order, as they pertained to Cook County and its Department of Facilities Management.  The Physical Plant Monitor, Mr. Harry Grenawitzke, confirmed in his Compliance Reports that Cook County had achieved and sustained substantial compliance with all the provisions in those sections of the Agreed Order for a period greater than 18 months.  The Court granted the motion on June 22, 2015.  ECF No. 297.

6. In late 2016, the Compliance Reports of the Medical Monitor, Dr. Esmaeil Porsa, the Physical Plant Monitor Mr. Grenawitzke, and the Corrections Monitor, Ms. Susan McCampbell, confirmed that the Sheriff had achieved and maintained substantial compliance with regard to all provisions of the Agreed Order assigned to CCDOC.  On January 9, 2017, the parties filed a Joint Motion to Terminate Sections III.A., III.C, III.F, III.G, and III.H of the Agreed Order as to the Sheriff, which the Court granted on January 30, 2017, following a hearing on January 27, 2017, in which the parties and the Court Monitors confirmed the Sheriff's compliance with the Agreed Order.  ECF No. 355.

7. On May 2, 2017, the Compliance Report of Mental Health Monitor, Dr. Jeffrey Metzner, confirmed that the Sheriff had achieved sustained compliance with each of the Agreed Order provisions related to Health Care Services (§ III.B), Mental Health Care (§ III.D), and Suicide Prevention Measures (§ III.E) that pertained to CCDOC. ECF No. 356. On May 18, 2017, the parties filed a Joint Motion to Dismiss and Terminate the Remaining Sections of the Agreed Order as to the Sheriff, ECF No. 358, which the Court granted in a hearing on June 9, 2017.

8. Although the Sheriff was dismissed from the case at that time, the provisions of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F) remained in effect, as they pertained to Cook County and Cermak Health Services.

    **B.** **Cook County's Sustained Compliance with the Agreed Order**

1. Cook County has achieved, and importantly has maintained, substantial compliance with "all subcomponents of each provision in the full substantive section[s]" of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F).

2. On April 30 and May 1, 2018, the Medical Monitoring Team and Mental Health Monitor completed their final site visit of Cermak Health Services of Cook County and the CCDOC facilities. A representative from the Department of Justice was also present for this site visit. In an exit conference that included all of the parties, as well as Cook County, Cermak, and CCDOC administration, supervisors, and line staff, the Monitors confirmed that Cook County had implemented an exemplary framework to ensure adequate assessments, treatment, and

4

access to care to meet the medical, mental health, and dental needs of CCDOC inmates in accordance with the provisions of the Agreed Order and the Constitution.

3. In particular, the Monitors lauded Cermak's quality improvement activities, which allow it to assess and revise their systems in order to ensure appropriate and efficient patient care. Cermak's collection and use of data enable real-time review of daily activities and long-term analysis to validate processes and/or respond to systemic issues. The Monitors emphasized that these systems will enable Cook County to maintain and improve the level of care provided to CCDOC inmates.

4. In addition, the Monitors complimented the Cermak leadership's commitment to excellence and dedication to both staff and patients. Throughout the lifespan of the Agreed Order, Cermak has increased the levels of medical and mental health staff, and retained a strong work force, which has been a key component of achieving compliance.

5. The collaboration between CCDOC, Cermak Health Services, and Cook County has been essential to ensuring appropriate access to medical and mental health care for inmates. The parties have put in place formalized communication systems to address barriers to care, including regular inter-agency meetings, daily interdisplinary meetings with clinical and custody staff, and real-time communications on patient movement.

6. The Monitoring Team members reviewed documentation, including inmate medical records, health service request slips, grievances, mortality reviews, policies and protocols, training files, logs, staffing matrixes, and quality improvement reports, to support their compliance assessments. During the semi-annual monitoring visits, both inmates and staff at the CCDOC facilities confirmed the improvements in the medical and mental health care systems. The Department of Justice fully concurs with the Monitors' assessment.

7. Cook County is committed to continuing to ensure constitutional conditions of

confinement for Cook County inmates, including appropriate medical, mental health, and dental care. The policies, practices, and operations of Cermak Health Services, and the medical, mental health, and dental care provided within the facilities have improved dramatically since the outset of the CRIPA investigation in 2007, and continue to evolve in a positive manner.

8. Dr. Porsa and Dr. Metzner submitted their final Compliance Reports to parties, which confirm that Cook County has achieved and sustained compliance with "all subcomponents of each provision in the full substantive section[s]" of the Agreed Order related to Health Care Services (§ III.B), Medical Care (§ III.C), Mental Health Care (§ III.D), Suicide Prevention Measures (§ III.E), and Quality Management and Performance Measurement (§ III.F). ECF No. 13 at § VII.C; ECF No. 371, ECF No. 373. Because of Cook County's achievement and maintenance of substantial compliance with all remaining provisions of the Agreed Order, the Department of Justice agrees that the remaining sections of the Agreed Order should be terminated.

9. As the Agreed Order settled all claims included in the United States' complaint in this matter, the Sheriff has previously been dismissed as a party to this matter, and Cook County has achieved the conditions required to terminate all of its responsibilities under the Agreed Order, it is appropriate to dismiss this case.

WHEREFORE, the United States and Cook County jointly and respectfully request that this Honorable Court conclude the remaining sections of the Agreed Order, dismiss this case, and for any other relief that this Court deems necessary and just.

Respectfully submitted,

THE UNITED STATES OF AMERICA

By: *s/Kerry Krentler Dean*

KERRY KRENTLER DEAN
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 514-6255
kerry.k.dean@usdoj.gov

COOK COUNTY, ILLINOIS

By: *s/Anthony E. Zecchin*

ANTHONY E. ZECCHIN
Assistant State's Attorney
Cook County State's Attorney's Office
Civil Actions Bureau
500 Daley Center
Chicago, IL 60602
(312) 603-3373
anthony.zecchin@cookcountyil.gov

**CERTIFICATE OF SERVICE**

      I certify that on June 12, 2018, I served a true and correct copy of this *Joint Motion to Dismiss and Terminate Remaining Sections of the Agreed Order* with Clerk of the Court using the CM/ECF system, which will provide notification to all counsel of record.

      Respectfully submitted,

      *s/ Kerry Krentler Dean*
KERRY KRENTLER DEAN
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
PHB 5026
Washington, D.C. 20530
(202) 514-6255
kerry.k.dean@usdoj.gov
FOR THE UNITED STATES